Dated: 4/9/2015

Marian F. Harrison
US Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 109-14068 |
| JAMES ROBERT BIGGERS, AND | ) |
| PAMELA LYNETTE BIGGERS, | ) JUDGE KEITH M. LUNDIN |
| | )      *(By Interchange)* |
| Debtors. | ) |
| | ) |
| JAMES ROBERT BIGGERS, AND | ) ADV. NO. 114-90334 |
| PAMELA LYNETTE BIGGERS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

___

## MEMORANDUM OPINION
___

The plaintiffs filed the above-styled adversary complaint to determine the dischargeability of their tax obligations from 2001, 2002, 2003, and 2004. The parties filed cross-motions for summary judgment. For the following reasons, the Court finds that the Internal Revenue Service's (hereinafter "IRS") motion should be granted and that the debtors' motion should be denied.

## I. BACKGROUND

The debtors did not timely file federal tax returns for 2001, 2002, 2003, and 2004. The IRS assessed federal tax against the debtor husband for 2001 on August 23, 2004, for 2002 on February 20, 2006, for 2003 on September 4, 2006, and for 2004 on November 6, 2006. Thereafter, on February 15, 2007, the debtors filed their joint tax returns for 2001 through 2004. With the exception of 2002, the debtors reported that they owed less tax than the IRS had previously assessed. For 2002, the debtors reported that they owed $15,088 more in tax. The IRS concedes that this overage of $15,088 is dischargeable. The IRS also concedes that the debtor wife's tax liability is dischargeable because the IRS never assessed federal tax against her for these years.

The debtors filed a voluntary Chapter 7 petition on December 9, 2009. The IRS was a scheduled creditor. The debtors received a discharge on March 11, 2010.

## II. DISCUSSION

### A. Summary Judgment Standards

Pursuant to Fed. R. Civ. P. 56(a), as incorporated by Fed. R. Bankr. P. 7056, an entry of summary judgment is mandated "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court "must view the evidence and draw all reasonable inferences in favor of the nonmoving party." ***Browning v. Levy,*** 283 F.3d 761,

769 (6th Cir. 2002) (citation omitted). The Court does not "'weigh the evidence and determine the truth of the matter but . . . determine[s] whether there is a genuine issue for trial.'" *Id.* (citation omitted).

## B. 11 U.S.C. § 523(a)(1)(B)(i)

Pursuant to 11 U.S.C. § 523(a)(1)(B)(i), a tax debt is excepted from discharge if it is a debt "with respect to which a return, or equivalent report or notice, if required (i) was not filed or given." Prior to the enactment in 2005 of the Bankruptcy Abuse Prevention and Consumer Protection Act (hereinafter "BAPCPA"), the term "return" was not defined in the statute. In *United States v. Hindenlang (In re Hindenlang),* 164 F.3d 1029 (6th Cir. 1999), the Sixth Circuit examined federal tax law and reiterated the definition of "return" set forth in *Beard v. Commissioner*, 82 T.C. 766, 1984 WL 15573 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986). In order for a Form 1040 to qualify as a return:

> (1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law.

*In re Hindenlang*, 164 F.3d at 1033 (citation omitted).

In 2005, BAPCPA added a "hanging paragraph" to 11 U.S.C. § 523 which defines "return:"

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing

3 - U.S. Bankruptcy Court, M.D. Tenn.

requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a)(*). Thus, pursuant to 11 U.S.C. § 523(a)(*), to be a "return" for purposes of discharge, a document must satisfy the requirements of applicable nonbankrutpcy law and be filed in accordance with the applicable filing requirements.

Courts are divided on whether or not every income tax return that is filed late under applicable nonbankruptcy law is a "return" for discharge purposes. *E.g., IRS v. Smith (In re Smith),* ___ B.R. ___, 2014 WL 1727011, at *7 (N.D. Cal. April 29, 2014) (currently on appeal to the Ninth Circuit Court of Appeals) ("hanging paragraph in no way excludes the *Beard* factors, but indeed incorporates them since they are relevant, long-standing non-bankruptcy law on the meaning of return"); *Wendt v. United States (In re Wendt),* 512 B.R. 716, 720 (Bankr. S.D. Fla. 2013) ("A return filed after the applicable deadline does not satisfy the filing requirements of the Internal Revenue Code and thus cannot be considered a 'return' for purposes of subsection 523(a)."); *Perkins v. Massachusetts Dept. of Revenue,* 507 B.R. 45, 54 (D. Mass. 2014) (where debtors undisputedly filed state tax returns late, debt is nondischargeable); *Briggs v. United States (In re Briggs)*, 511 B.R. 707, 718 (Bankr. N.D. Ga. 2014) (fourth prong of *Beard* test should be based on "whether the filing represents the debtor's honest and reasonable attempt to disclose the relevant financial data" rather than on the timeliness of the filing); *Rhodes v. United States (In re Rhodes)*, 498 B.R. 357, 369

(Bankr. N.D. Ga. 2013) (fourth prong of *Beard* test does not incorporate a timeliness requirement).

Two bankruptcy courts in the Sixth Circuit have addressed the impact of BAPCPA. In *Moffitt v. United States (In re Moffitt),* Ch. 7 Case No. 12-50829, Adv. No. 12-05029, 2013 WL 3294898 (Bankr. W.D. Ky. June 28, 2013), the court stated that "[t]he hanging paragraph . . . otherwise leaves the definition of 'return' to applicable nonbankruptcy law." *Id.* at *3, n1. "*Hindenlang* . . . provided an applicable nonbankruptcy law definition for 'return'" and *"Hindenlang* and the hanging paragraph thus work perfectly well together, and *Hindenlang* continues to be mandatory authority in this circuit." *Id.* Whereas, in *Links v. United States (In re Links),* Ch. 7 Case No. 07-31728, Adv. No. 08-3178, 2009 WL 2966162 (Bankr. N.D. Ohio Aug. 21, 2009), the bankruptcy court determined that the hanging paragraph displaced the four-part test in *Hindenlang*. *Id.* at *5, n2. Specifically, the court held that "[t]he definition of 'return' under § 523(a), thus, necessarily encompasses the filing deadlines for submitting returns contained in the Internal Revenue Code so that a late filed return cannot qualify as a return for purposes of a dischargeability determination" unless debtors avail themselves of the "safe harbor" provision set forth in 26 U.S.C. § 6020(a). *Id.* at *5.

While the Sixth Circuit Court of Appeals has not weighed in on this issue post-BAPCPA, the First, Fifth, and Tenth Circuits have all held that a tax return filed after the

deadline does not qualify as a "return" for purposes of dischargeability. *See Fahey v. Massachusetts Dept. of Rev. (In re Fahey)*, ___ F.3d ___, 2015 WL 677033, at *8 (1st Cir. Feb. 18, 2015) (2-1 decision) ("it is more plausible that Congress intended to settle the dispute over late filed tax returns against the debtor . . . than it is that Congress sought to preserve some version of the unsettled four-pronged *Beard* test"); *Mallo v. IRS (In re Mallo)*, 774 F.3d 1313, 1321 (10th Cir. 2014) ("because the applicable filing requirements include filing deadlines, § 523(a)(*) plainly excludes late-filed Form 1040s from the definition of a return"); *McCoy v. Mississippi State Tax Comm'n (In re McCoy)*, 666 F.3d 924, 932 (5th Cir. 2012) ("Unless . . . filed under a 'safe harbor' provision similar to § 6020(a), a state income tax return that is filed late under the applicable nonbankruptcy state law is not a 'return' for bankruptcy discharge purposes under § 523(a).").

The Court agrees with the IRS and those decisions that define "applicable nonbankruptcy law" as the pre-BAPCPA *Beard* test. Here, the IRS concedes that the debtors' late filings satisfy the first three elements of the *Beard* test. The only issue is whether the late filings represented "an honest and reasonable attempt to satisfy the requirements of the tax law" under the fourth prong. *Hindenlang,* 164 F.3d at 1034.

Explaining this part of the test in *Hindenlang*, the Sixth Circuit held that, as a matter of law, "a Form 1040 is not a return if it no longer serves any tax purpose or has any effect under the Internal Revenue Code. A purported return filed too late to have any effect at all

under the Internal Revenue Code cannot constitute 'an honest and reasonable attempt to satisfy the requirements of the tax law.'" *Id.* The *Hindenlang* Court further stated that, although the burden of proof rests with the United States to establish an exception to discharge, "[o]nce the government shows that a Form 1040 submitted after an assessment can serve no purpose under the tax law, the government has met its burden." *Id.*

In the present case, the debtors' arguments regarding whether the assessments were joint or only against the debtor husband and whether there is proof that notice of the assessments was received by the debtors are red herrings. These arguments do not come into play under the four-prong test. Instead, the only issue is whether the Form 1040s submitted by the debtors after the IRS had assessed tax liability served any tax purpose or had any effect under the Internal Revenue Code. The debtors' tax forms for 2001, 2003, and 2004 all reported a lower liability than the amount originally assessed by the IRS, and therefore, these forms served no purpose. The tax form for 2002 reported $15,088 of additional tax liability beyond what the IRS had assessed. Therefore, the 2002 tax form served a purpose under the Internal Revenue Code to the extent that it reported an additional $15,088 in tax liability, and the IRS has conceded that this amount is subject to discharge. With this exception, the Court finds, as a matter of law, that the tax liability assessed by the IRS against the debtor husband for 2001, 2002, 2003, and 2004 is non-dischargeable as to the debtor husband.

Case 1:14-ap-90334    Doc 20    Filed 04/10/15    Entered 04/10/15 07:43:27    Desc Main
Document      Page 7 of 8

## III. CONCLUSION

Accordingly, the Court finds that the IRS' motion for summary judgment should be granted and the debtors' motion for summary judgment should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.